JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
**KIRTON │ MCCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Counsel for Plaintiffs SME Steel Contractors, Inc.*
*and Core-Brace, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SME STEEL CONTRACTORS, INC., a Utah corporation, and CORE-BRACE, LLC, a Utah limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SEISMIC BRACING COMPANY, LLC, a Utah limited liability company, and ANDREW J. HINCHMAN, an individual, <br><br> Defendants. | **COMPLAINT** <br><br> Case No.: 2:17-cv-00702-PMW <br><br> Judge: Paul M. Warner <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs SME Steel Contractors, Inc. ("SME") and Core-Brace, LLC ("Core-Brace")

(collectively, "Plaintiffs"), by and through its undersigned counsel of record, hereby complain

against Defendants Seismic Bracing Company, LLC ("SBC") and Andrew J. Hinchman

("Hinchman") (collectively, "Defendants") as follows:

## PARTIES

1.      SME is a Utah corporation with its principal place of business in West Jordan, Utah.

2.      Core-Brace is a Utah limited liability company with its principal place of business in West Jordan, Utah.

3.      SBC is a Utah limited liability company with its principal place of business at 2150 S 1300 E, Suite 500, Salt Lake City, Utah 84106.

4.      Hinchman is a Utah resident who lives at 835 E. Bryan Avenue, Salt Lake City, Utah.  Hinchman is also a manager of SBC and its registered agent.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has supplemental or pendant subject matter jurisdiction over Plaintiffs' state and common law claims under 28 U.S.C. § 1367(a) because those claims arise from the common nucleus of operative facts alleged in Plaintiffs' federal claims.

7.      This Court has personal jurisdiction over both Defendants under the principles of specific and general jurisdiction as both reside in Utah and the facts giving rise to this action occurred in Utah.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) as both Defendants are subject to personal jurisdiction in Utah and Defendants' acts that gave rise to this action were committed within the District of Utah.

## FACTUAL BACKGROUND

9.      SME is wholly-owned subsidiary of SME Industries, Inc.

10.     SME is one of the largest fabricators and erectors of structural steel in the Western United States.  SME utilizes the most up-to-date sophisticated equipment available in the steel fabrication industry.

11.     SME operates a large, AISC-Certified (American Institute of Steel Construction) fabrication shop in West Jordan, Utah.  SME's related companies operate fabrication facilities in Pocatello, Idaho, Henderson, Nevada and El Mirage, Arizona.  In addition to the approximately 500 shop and office workers at these facilities, SME employs, on average, over 350 ironworkers in its projects at any given time.

12.     SME has invested substantially in the acquisition and enforcement of intellectual property rights related to its innovative steel manufacturing processes.

13.     SME is the owner by assignment of United States Patent Nos. 7,174,680 and 7,305,799 (collectively, the "SME Patents").

14.     Core-Brace, like SME, is a wholly-owned subsidiary of SME Industries, Inc.

15.     Core-Brace is fully involved in all aspects of the buckling-restrained brace ("BRB") fabrication process, including initial design, inspection, fabrication, and shipping.

16.     BRBs are life-saving devices that are incorporated into buildings to prevent structural steel from failing in the event of an earthquake.  The design and fabrication of BRBs are undertaken under the most stringent quality control processes.

17.     Core-Brace fabricates its BRBs in AISC-Certified fabrication shops in Pocatello, Idaho and West Jordan, Utah.

3

18.     Core-Brace has successfully tested over 60 full-scale BRBs, including tests conducted at the University of Utah and various campuses of the University of California.

19.     Seismic protection braces designed and fabricated by Core-Brace have  been incorporated into hundreds of projects throughout the world.  These include hospitals, NFL stadiums, universities, sports arenas, office buildings, libraries, manufacturing facilities, industrial plants, and transportation hubs, to name a few.

20.     Hinchman is a former employee of Core-Brace, having ended his employment with Core-Brace in 2011.

21.     In July 2017, Hinchman formed SBC.

22.     SBC markets itself as a provider of BRBs that are "superior performing and more cost effective brace for building, industrial, bridge, and other structures."

23.     SBC owns and operates www.thesbcllc.com.

24.     Plaintiffs recently became aware of a so-called "Design Manual" being distributed by Defendants to potential customers of BRBs.

25.     Defendants' Design Manual, which totals 84 pages, improperly uses scores of drawings, tables, and other confidential and proprietary information belonging exclusively to Plaintiffs.

26.     Indeed, in many instances, Defendants merely cut-and-pasted confidential and proprietary information belonging to Plaintiffs.

27.     Hinchman, by virtue of his past employment with Core-Brace, had access to Plaintiffs' confidential and proprietary materials.  Upon information and belief, upon leaving his employment with Core-Brace, Hinchman improperly absconded with Plaintiffs' confidential and

proprietary materials, some of which materials are now incorporated into Defendants' Design Manual.

28.     In their Design Manual, Defendants falsely state they have "been trend setters [*sic*] in the [BRB] industry, helping develop numerous methods for connecting BRBs and streamlining production processes."

29.     Defendants' Design Manual further falsely states that their allegedly patented methods have been "tested and qualified for use on projects in accordance with governing building codes (AISC 341)."  However, the same report from the University of Utah College of Engineering upon which Defendants presumably rely for this representation indicates that some of the braces (BRBs 4 and 5) did not meet AISC 341-10 requirements.

30.     Defendants' Design Manual further misrepresents projects with which "SBC's team" has been involved.  In fact, *every* project listed by Defendants is actually a Core-Brace project.

31.     Defendant SBC had *nothing* to do with any of the projects listed in SBC's Design Manual and Defendant Hinchman's only involvement with such projects would have been as an employee of Core-Brace.

32.     The SBC Design Manual falsely represents a long-list of Core-Brace projects as a basis for SBC's alleged experience in the BRB industry when SBC has actually not completed a single project.

33.     Defendants further falsely advertise in their Design Manual that they have "manufacturing" capabilities.  Upon information and belief, this is a misrepresentation.  SBC has no manufacturing facilities.

34.     Moreover, the Design Manual states that "our team has experience in manufacturing over ten thousand BRBs for over 100 projects."   Again, this statement is completely false and misleading.   The only "experience" of SBC was the experience of Defendant Hinchman while he was employed by Core-Brace.   During such employment, Defendant Hinchman was involved in fewer than 100 projects.

35.     Defendants' Design Manual includes pictures that are falsely presented as images of SBC's BRBs undergoing testing.   In fact, the BRBs in these photographs are Core-Brace's BRBs and the testing that was done was performed by Core-Brace and the State of California's Department of Transportation. Defendants have used photographs belonging to Core-Brace in order to create the false impression that SBC's braces have undergone and passed such testing. Defendants have misappropriated and used images of Core-Brace's BRBs being tested without permission of Core-Brace.   Upon information and belief, Plaintiffs further allege that several of Defendants' BRBs have not passed the testing depicted in the misappropriated images.

36.     Similarly, Defendants stole cost comparison and analysis tables created by Core-Brace employees and included them in their Design Manual as if they were created by Defendants.

37.     Similarly, Defendants stole hand-drawn and CAD design drawings related to frame connection and scaled connection comparisons and included them as their own in the Design Manual.

38.     Much of the information used improperly by Defendants in their Design Manual belonging to Plaintiffs is also used by Plaintiffs in Plaintiffs' own bid presentations to engineers

and potential customers.  As such, it is highly prejudicial for Defendants to use Plaintiffs' presentation materials in Defendants' competing presentations and marketing materials.

39.     Many of the "calculation" pages in Defendants' Design Manual come directly from Core-Brace materials to which Hinchman had access while employed at Core-Brace.

40.     Moreover, many of the drawings used in the Design Manual come directly from Core-Brace materials to which Hinchman had access while employed at Core-Brace.

41.     Indeed, the images of drawings in the Design Manual still contain the Core-Brace specific project references in the drawings, clearly indicating that Hinchman blatantly stole materials and drawings belonging to Core-Brace.

42.     These are copyrighted materials for which Core-Brace has recently sought copyright registrations.  Upon issuance of the copyright registration, the instant complaint will be amended to add claims of copyright infringement against Defendants.

43.     In addition to misappropriating and falsely passing off as their own the confidential and proprietary materials belonging to Plaintiffs, upon information and belief Defendants have not instituted the necessary quality control measures to ensure the safety and functionality of their BRBs.

44.     Moreover, upon information and belief, Defendants lack the fundamental and necessary experience in BRB fabrication to ensure a safe or industry-standard product.

45.     Upon information and belief, Plaintiffs allege that several of Defendants' BRBs- when tested at an independent laboratory at the University of Utah, failed to meet the performance requirements of AISC 341- which is a necessary pre-condition to the incorporation of such life-safety devices in buildings that will be used and occupied.

46.     Defendants' lack of quality control and experience in BRB fabrication creates a tremendous risk to the public as the failure of a BRB could have catastrophic consequences and endanger human lives.

47.     In addition to the public harm should even one of Defendants' BRBs fail, the risk to the BRB industry, including Plaintiffs, would be irreparable and fatal.

## FIRST CLAIM FOR RELIEF
**False Advertising Under 15 U.S.C. § 1125(a)(1)(B) – Asserted by Core-Brace Only**

48.     Core-Brace realleges and incorporates by reference all of the foregoing paragraphs.

49.     As set forth above, Defendants advertise and market their product and services in commerce by extensively using Core-Brace's material and intellectual property.

50.     Such use, and any use similar to it, by Defendants is materially false, misleading, confusing, and/or deceptive to the consuming public.

51.     Indeed, such use by Defendants is specifically targeted at trading off of the goodwill associated with Core-Brace and its services and products.

52.     Moreover, such use by Defendants is specifically targeted at creating confusion among consumers as to the origin, sponsorship, association, and/or connection between Defendants' products and Core-Brace's products.

53.     Defendants have further misrepresented the nature, characteristics, and qualities of their products in a manner that is confusing and misleading to the consuming public, including by claiming that their alleged BRBs have been appropriately tested when, in fact, they failed certain portions of such testing.

54.     Defendants' false advertising has caused injury to Core-Brace in an amount to be

proven at trial.

55.     The false advertising by Defendants is willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## SECOND CLAIM FOR RELIEF
### False Association Under 15 U.S.C. § 1125(a)(1)(A) – Asserted by Core-Brace Only

56.     Core-Brace reallages and incorporates by reference all of the foregoing paragraphs.

57.     Defendants' improper use of Core-Brace's materials and intellectual property is likely to cause confusion or mistake as to an affiliation, connection, or association of Defendants with Core-Brace.

58.     Defendants' improper use of Core-Brace's materials and intellectual property is further likely to cause confusion as to Plaintiffs' approval of Defendants' goods, services, or commercial activities.

59.     Defendants' actions of false association, as described herein, have caused Core-Brace injury in amount to be proven at trial.

60.     Defendants have intentionally engaged in conduct they know will cause the aforementioned confusion, thereby justifying an award of exemplary and/or punitive damages.

## THIRD CLAIM FOR RELIEF
### Utah Deceptive Trade Practice – U.C.A. § 13-11A-3 – Asserted by Core-Brace Only

61.     Core-Brace reallages and incorporates by reference all of the foregoing paragraphs.

62.     Core-Brace and Defendants are competitors in the BRB industry.

63.     Defendants have attempted to pass off their goods as those of Core-Brace,

including by using confidential and proprietary material belonging to Core-Brace in advertising materials distributed by Defendants.

64.     Defendants have knowingly made false representations as to the source, sponsorship, approval, and/or certification of their goods by using materials belonging to Core-Brace.

65.     The foregoing misconduct of Defendants constitutes deceptive trade practices under one or more sub-sections of Utah Code Annotated § 13-11A-3(1).

66.     Core-Brace is entitled to recover damages to fairly and reasonably compensate it for Defendants' misconduct.

67.     Core-Brace is further entitled to prevent, restrain, and enjoin Defendants from current and future misrepresentations.

68.     Core-Brace is entitled to an award of its attorneys' fees and costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11A-4(2)(c).

69.     Core-Brace has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendants' acts and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Defendants from further misconduct.

## FOURTH CLAIM FOR RELIEF
### Infringement of United States Patent No. 7,174,680 – Asserted by SME Only

70.     SME realleges and incorporates by reference all of the foregoing paragraphs.

71.     On February 13, 2007, United States Patent No. 7,174,680 ("the '680 Patent") entitled "Bearing Brace Apparatus" was duly and legally issued by the United States Patent and Trademark Office.

72.     SME is the owner by assignment of the '680 Patent, including the right to sue for

and recover all past, present, and future damages for infringement of the '680 Patent.

73.     Upon information and belief, Defendants, directly or through their subsidiaries, divisions, or groups, have infringed and continue to infringe the '680 Patent, including, without limitation, Claim 1, by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States and/or this District, goods, systems, methods, compositions, and/or services that are covered by one or more of the claims of the '680 Patent.

74.     Defendants are, therefore, liable for infringement of the '680 Patent under 35 U.S.C. § 271.

75.     SME is entitled to recover from Defendants the damages sustained by SME as a result of Defendants' wrongful acts in an amount to be proven at trial.

76.     As a consequence of the infringement complained of herein, SME has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by the Court from committing further acts of infringement.

77.     Upon information and belief, Defendants acts of infringement have been or will be undertaken with knowledge of the '680 Patent.  Such acts, therefore, constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and further entitle SME to enhanced damages and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### Infringement of United States Patent No. 7,305,799 – Asserted by SME Only

78.     SME realleges and incorporates by reference all of the foregoing paragraphs.

79.     On February 13, 2007, United States Patent No. 7,305,799 ("the '799 Patent") entitled "Bearing Brace Apparatus" was duly and legally issued by the United States Patent and

Trademark Office.

80.     SME is the owner by assignment of the '799 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '799 Patent.

81.     Upon information and belief, Defendants, directly or through their subsidiaries, divisions, or groups, have infringed and continue to infringe the '799 Patent, including, without limitation, Claim 1, by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States and/or this District, goods, systems, methods, compositions, and/or services that are covered by one or more of the claims of the '799 Patent.

82.     Defendants are, therefore, liable for infringement of the '799 Patent under 35 U.S.C. § 271.

83.     SME is entitled to recover from Defendants the damages sustained by SME as a result of Defendants' wrongful acts in an amount to be proven at trial.

84.     As a consequence of the infringement complained of herein, SME has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by the Court from committing further acts of infringement.

85.     Upon information and belief, Defendants' acts of infringement have been or will be undertaken with knowledge of the '799 Patent.  Such acts, therefore, constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and further entitle SME to enhanced damages and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### Unfair Competition – U.C.A. § 13-5a-103 – Asserted by SME Only

86.     SME realleges and incorporates by reference all of the foregoing paragraphs.

87.     Defendants' conduct as described herein is unlawful, unfair, and/or fraudulent.

88.     Defendants' conduct as described herein has resulted in the material diminution in the value of the SME Patents and/or SME's other intellectual property.

89.     Defendants conduct as described herein infringes upon SME's rights in and to the SME Patents.

90.     The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment  - Asserted by SME and Core-Brace

91.     Plaintiffs reallage and incorporate by reference all of the foregoing paragraphs.

92.     Defendants have benefited from the improper, unfair, and unauthorized use of Plaintiffs' materials and intellectual property rights, including the goodwill attendant thereto, as set forth above.

93.     Defendants have full knowledge of and appreciation for the benefits they have received from Plaintiffs as a result of such improper conduct.

94.     Defendants would be unjustly enriched if they were permitted to retain the proceeds obtain from their improper conduct.

95.     Conversely, Plaintiffs have been harmed by Defendants' improper conduct.

96.     Equity and good conscience require that Defendants be required to account for and pay to Plaintiffs an amount equal to the value of the benefit improperly obtained by Defendants.

## SEVENTH CLAIM FOR RELIEF
### Intentional Interference with Economic Relations – Asserted by SME and Core-Brace

97.     Plaintiffs reallage and incorporate by reference all of the foregoing paragraphs.

98.     Defendants have intentionally interfered with Plaintiffs' existing and/or potential economic relations.

99.     Defendants' intentional interference has been through the use of improper means, including, without limitation, deceit and misrepresentation regarding Defendants' products, infringement of the SME Patents, false advertising, deceptive trade practices, and unfair competition, as set forth herein.

100.     Defendants' intentional interference has caused significant and irreparable financial, reputational, and other injury to Plaintiffs in an amount to be proven at trial.

101.     There is no legal justification for Defendants' intentional interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and for a judgment:

A.  Preliminarily and permanently enjoining Defendants, and all other persons or entities participating or acting in concert with them, from false advertising in any manner that creates confusion as to the source, origin, sponsorship, and/or approval between Core-Brace and Defendants;

B.  Preliminarily and permanently enjoining Defendants, and all other persons or entities participating or acting in concert with them, from engaging in false association, including from creating the false impression as to source, origin, sponsorship, and/or approval between Core-Brace and Defendants;

C.  Awarding Core-Brace its allowable costs and attorneys' fees, including but not limited to,

14

those authorized under Utah Code Annotated § 13-11A-4(2)(c);

D.  Finding that Defendants have infringed the SME Patents;

E.  Requiring Defendants to account for and pay to SME all damages caused by their infringement of the SME Patents, and to enhance such damages as appropriate in accordance with 35 U.S.C. § 284;

F.  Granting SME permanent injunctive relief pursuant to 35 U.S.C. § 283, permanently enjoining Defendants, their officers, agents, servants, employees, and those persons or entities in active concert or participation with them from further acts of patent infringement;

G.  Ordering Defendants and their principals, agents, representatives, servants, and employees and any person in active concert or participation with them to recall and deliver up for destruction all products that infringe the SME Patents;

H.  Granting SME pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

I.  Declaring this an exceptional case and awarding SME its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

J.  Preliminarily and permanently enjoining Defendants, and all other persons or entities participating or acting in concert with them, from engaging in unfair competition pursuant to Utah Code Annotated § 13-5a-103;

K.  Ordering that Defendants be required to provide an accounting of all revenues and profits gained by them while engaged in the acts complained of herein;

L.  Awarding Plaintiffs damages to which they are entitled based upon Defendants' unjust enrichment;

M.  Declaring that Plaintiffs have intentionally interfered with Plaintiffs' economic relations;

N.  Awarding Plaintiffs damages in an amount to be determined at trial, but in no event less than the amount they have been improperly impacted by Defendants' intentional interference with Plaintiffs' economic relations, including any and all available damages for such intentional interference, including financial, reputational, and other harm;

O.  Awarding Plaintiffs their actual damages;

P.  Awarding Plaintiffs their costs; and

Q.  Granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues in this action triable by jury.

DATED this 28th day of June, 2017.

Respectfully Submitted,

KIRTON McCONKIE

By /s/ James T. Burton
James T. Burton
Joshua S. Rupp
*Counsel for Plaintiffs SME Steel Contractors, Inc. and Core-Brace, LLC*