# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| SME STEEL CONTRACTORS, INC., a Utah corporation, and CORE-BRACE, LLC., a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SEISMIC BRACING COMPANY, LLC, a Utah limited liability company, and ANDREW J. HINCHMAN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SECOND AMENDED CASE SCHEDULE (DOC. NO. 142) AND (2) DENYING DEFENDANTS' MOTION FOR ENTRY OF ORDER SETTING AMENDED CASE SCHEDULE<br>(DOC. NO. 143)<br><br>Case No. 2:17-cv-00702-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are (1) Plaintiffs SME Steel Contractors, Inc. and Core-Brace, LLC's Motion for Second Amended Case Schedule ("Pls.' Mot.") (Doc. No. 142) and (2) Defendants Andrew J. Hinchman and Seismic Bracing Company, LLC's Motion for Entry of Order Setting Amended Case Schedule ("Defs.' Mot.") (Doc. No. 143). The court heard argument on the motions on August 5, 2020 (Doc. No. 147).

Having considered the briefing and argument of both parties, the court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Second Amended Case Schedule (Doc. No. 142), and (2) DENIES Defendants' Motion for Entry of Order Setting Amended Case Schedule (Doc. No. 143) for the reasons set forth below.

1

## BACKGROUND

In this case, Plaintiffs SME Steel Contractors, Inc. and Core-Brace, LLC (together, "SME Steel") allege, among other things, that a former employee, Defendant Andrew J. Hinchman, and his company, Defendant Seismic Bracing Company, LLC (together, "Seismic Bracing"), improperly took SME Steel's designs and marketing material and passed them off as their own. (Second Am. Compl. ¶¶ 31, 39, Doc. No. 63.) SME Steel further alleges that Seismic Bracing infringed on two patents related to steel manufacturing. (*Id.* ¶¶ 91–106.) After a lengthy process of claim construction, the court issued its Memorandum Decision and Order Construing Claims (Doc. No. 126) on March 24, 2020. On April 13, 2020, SME Steel filed a Motion for Reconsideration of Memorandum Decision and Order Construing Claims, (Doc. No. 128). Upon full consideration, the court issued a Memorandum Decision and Order Denying Plaintiff's Motion for Reconsideration, (Doc. No. 139).

After the court's claim construction ruling, the court ordered the parties to submit a joint amended scheduling order addressing the remaining deadlines in the case by July 24, 2020—or to submit their own respective proposals if they could not reach an agreement. (Order Granting Stipulated Mot. to Extend, Doc. No. 141.) The parties reached an agreement on deadlines for supplementing pending summary judgment briefing. (Pls.' Mot. 2, Doc. No.142.)[1] However, they were unable to agree on whether additional fact discovery is warranted. Instead, they submitted independent proposed schedules for the court's consideration. (*See id.* at 2–3; Defs.' Mot. 1–2, Doc. No. 143.)

---

[1] Seismic Bracing filed its Supplemental Brief in Support of Defendants' Motion for Partial Summary Judgment (Doc. No. 148) on August 10, 2020. SME Steel's response is due August 24, 2020. (*See* Doc. No. 150.)

SME Steel asks the court to enter an amended scheduling order extending fact discovery by sixty days from entry of the order. (Pls.' Mot. 2–3, Doc. No. 142.) In support, SME Steel explains that during the previous discovery period, it "focused its discovery efforts on claim construction" and intentionally refrained from "completing all discovery to avoid multiple, piecemeal depositions." (*Id.* at 3–4.) Specifically, SME Steel states that it "avoided propounding certain discovery requests focusing on the specific claim language at issue" and "refrained from noticing the depositions of Defendants Seismic Bracing Company, LLC and Andrew J. Hinchman to avoid eliciting testimony based on their respective" interpretations of claim terms. (*Id.* at 5–6.) According to SME Steel, this approach was in the interest of "efficiency and economy for all parties," since it avoided multiple depositions with potentially unnecessary testimony on the allegedly infringing devices. (*See* Pls. SME Steel Contractors, Inc. and Core-Brace, LLC's Opp'n to Defs.' Mot. for Entry of Order Setting Am. Case Schedule 2 & 2 n.3, Doc. No. 146.) In advocating for reopening fact discovery, SME Steel relies on Local Patent Rule 1.3(b), which allows a party to move to reopen fact discovery fourteen days after entry of a ruling on claim construction. (Pls.' Mot. 3–4, Doc. No. 142.) SME Steel seeks to reopen fact discovery on both its patent infringement claims and its non-patent claims such as unfair competition, copyright infringement, and defamation, among others. (*Id.* at 4.)

Seismic Bracing opposes reopening fact discovery on any of SME Steel's claims. Seismic Bracing points out that SME Steel conducted extensive fact discovery before the March 8, 2019 close of fact discovery. (Defs.' Mot. 2, Doc. No. 143.) According to Seismic Bracing, if SME Steel wanted fact discovery to extend after the claim construction process, it should have proposed an earlier claim construction or proposed phased discovery. (*Id.* at 3–4.) Seismic Bracing also argues Local Patent Rule 1.3(b) fails to support SME Steel's position that the

schedule contemplates reopening fact discovery on all claims. (*Id.* at 4.) Specifically, Seismic Bracing complains that SME Steel has failed to specify the discovery needed or to identify its scope, as required by Local Patent Rule 1.3(b). Seismic Bracing also contends no additional discovery is necessary given the nature of the claim construction ruling. (*Id.* at 4–5.)

At the hearing, SME Steel clarified the scope of the discovery it seeks—specifically asking to take five depositions, including the deposition of Mr. Hinchman and a 30(b)(6) deposition of Seismic Bracing Company, LLC, and to serve five additional interrogatories and five additional requests for production.

## DISCUSSION

Local Patent Rule 1.3(b) contemplates the reopening of fact discovery after the entry of the claim construction ruling. LPR 1.3(b). However, fact discovery can only be reopened upon motion of a party explaining "why the claim construction ruling . . . necessitates further discovery and identify[ing] the scope of such discovery." *Id.* The court has discretion to allow further discovery after the claim construction ruling.[2] *See Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1349 (Fed. Cir. 2002) ("After construing the claims, the district court may assess the need for further proceedings or discovery."). Discovery after claim construction is not unusual. *See, e.g.*, *Rembrandt Techs., LP v. Comcast of Fla. Pa., LP*, 899 F.3d 1254, 1263 (Fed. Cir. 2018) (reciting case history, to include discovery conducted after the court issued its claim construction orders); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1325 (Fed. Cir. 2016) (outlining procedural history, including the district court's order ending discovery two months

---

[2] SME Steel relies upon *Warner-Lambert Co. v. Purepac Pharm. Co.* in support of its request for post-claim-construction discovery, but the court fails to see its applicability to this issue. The section SME Steel relies upon does nothing more than lay out the two-step analysis a court must undertake in determining infringement. 503 F.3d 1254, 1259 (Fed. Cir. 2007).

4

after its ruling on claim construction); *Activision Publ'g., Inc. v. Gibson Guitar Corp.*, No. CV 08-1653-MRP, 2009 U.S. Dist. LEXIS 21931, at *5 (C.D. Cal. Feb. 26, 2009) (unpublished) (observing that the court previously allowed post-claim construction discovery in the case). The more unique twist in this case is that SME Steel seeks discovery related to non-patent causes of action as well as discovery occasioned by the court's claim construction ruling.

Discovery requests directed at applying the claims of the patent before the claim construction ruling are improper. *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002). Of necessity, such requests must be made after the claim construction ruling. Any discovery request relevant to a parties' interpretation, propounded before claim construction, would lead to confusing responses. *Phillip M. Adams & Assocs., LLC v. Dell, Inc.*, No. 1:05-cv-64 TS, 2007 U.S. Dist. LEXIS 3913, at *11–12 (D. Utah Jan. 11, 2007) (unpublished) (holding that responses to requests for admission given before claim construction ruling would be "confusing" as the respondent's interpretations would "not necessarily govern this action"). Discovery requests propounded after claim construction are less likely to create confusion because they "do not call for an interpretation of claim language." *Thermapure, Inc. v. Giertsen Co. of Ill., Inc.*, No. 10 C 4724, 2013 U.S. Dist. LEXIS 41086, at *12 (N.D. Ill. Mar. 25, 2013) (unpublished).

Considered in light of this legal backdrop, the court finds SME Steel adequately explained "why the claims construction ruling necessitates further discovery," as required by Local Patent Rule 1.3(b). If SME Steel had attempted to depose a representative from Seismic Bracing, or Mr. Hinchman himself, it would have either had to avoid significant relevant areas of questioning or it would have elicited improper discovery. In the alternative, if SME Steel had only asked about issues relevant to its non-patent claims in these depositions, then later requested

additional depositions to address post-claim-construction issues, it would have acted contrary to principles of economy and efficiency in litigation. Accordingly, the court finds SME Steel was justified in waiting to conduct a limited amount of discovery on all claims and defenses until after the claim construction ruling. This approach best avoids piecemeal, improper, or irrelevant discovery.

Although SME Steel's brief did not adequately define the scope of the discovery requested, SME Steel remedied this omission at the hearing before this court. Specifically, SME Steel requested the ability to complete up to five depositions, and to propound up to five interrogatories and five requests for production—within a sixty-day deadline. This is sufficiently limited as to be reasonable under the circumstances. Consequently, the court authorizes SME Steel to conduct the following limited discovery related to all claims and defenses in this case: it may take up to five seven-hour depositions, including a deposition of Mr. Hinchman and a 30(b)(6) deposition of Seismic Bracing Company, LLC, and propound five additional interrogatories and five requests for production. To accommodate the additional discovery ordered here, the court amends the following deadlines. All other deadlines remain unchanged.

| Activity | Utah Local Patent Rule | Due Date |
|---|---|---|
| Close of fact discovery | LOC. PATENT R. 1.3(b) | October 13, 2020 |
| Expert witness disclosures of parties with burden of proof | LOC. PATENT R. 5.1(b) | November 12, 2020 |
| Expert witness disclosures of parties on issues for which the opposing party bears the burden of proof | LOC. PATENT R. 5.1(b) | December 12, 2020 |
| Close of expert discovery | LOC. PATENT R. 5.2 | January 11, 2021 |
| Dispositive motion and *Daubert* motion deadline | LOC. PATENT R. 6.1 | February 10, 2021 |
| Deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trial date | | February 16, 2021 |

| if no dispositive motions are filed | | |

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the fourth quarter of 2021.

## CONCLUSION

For these reasons, the court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Second Amended Case Schedule (Doc. No. 142), and (2) DENIES Defendants' Motion for Entry of Order Setting Amended Case Schedule (Doc. No. 143).

DATED this 14th day of August, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge